248 F.3d 423 (5th Cir. 2001)
 DENNIS MARCHESANI; TRIXIE TINA MARCHESANI, Plaintiffs-Appellants,
SAFETY NATIONAL CASUALTY CORPORATION; CRESCENT HOSIERY MILLS, Intervenors-Appellants,
v.
PELLERIN-MILNOR CORPORATION, Defendant-Appellee.
 No. 00-30353
 UNITED STATES COURT OF APPEALS, FIFTH CIRCUIT
 April 13, 2001
 
 Appeals from the United States District Court for the Eastern District of Louisiana.
 Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.
 WIENER, Circuit Judge:
 
 
 1
 CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA, PURSUANT TO RULE XII OF THE RULES OF THE SUPREME COURT OF LOUISIANA TO THE SUPREME COURT OF LOUISIANA AND THE HONORABLE JUSTICES THEREOF:
 
 I. STYLE OF THE CASE
 
 2
 The style of the case in which certification is made is Dennis Marchesani, Trixie Tina Marchesani, Plaintiffs-Appellants, and Safety National Casualty Corporation, Crescent Hosiery Mills, Intervenors-Appellants, versus Pellerin-Milnor Corporation, Defendant-Appellee, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Louisiana. This case involves a determinative question of state law; federal jurisdiction is based solely on diversity of citizenship.
 
 II. STATEMENT OF THE CASE
 
 3
 The parties stipulated that Dennis Marchesani, a domiciliary of Tennessee, was employed with Crescent Hosiery Mills at its facility in Niota, Tennessee; on August 25, 1998, while in the course of his employment, Marchesani was walking past a pressurized apparel dye machine manufactured by Pellerin-Milnor ("Milnor"), a Louisiana corporation, when "suddenly and without warning, the door of the machine blew open, releasing hot, caustic chemicals and steam throughout the immediate area," resulting in Marchesani's alleged injuries. The parties further stipulated that all of Marchesani's medical treatment as a result of the accident has taken place in Tennessee, and that Marchesani has been receiving workman's compensation benefits in Tennessee.
 
 
 4
 Marchesani and his wife, Trixie Tina Marchesani, filed a products liability suit against Milnor in federal district court for the Eastern District of Louisiana, alleging negligent manufacture and design of the pressurized dye machine. Marchesani contends that his alleged injuries were caused by a design defect that permits the machine to be operated even though the door is not completely secure. The suit was timely filed under Louisiana law. Milnor denied liability and moved for summary judgment on the ground that Tennessee law, which restricts products liability suits to claims brought within ten years following the date the product was first purchased for use,[1] applies to the Marchesanis's claims, making their action time-barred. The Marchesanis countered that Louisiana law should govern their action, and in the alternative that the Civil Code's conflict-of-laws articles on prescription (statutes of limitation) and peremption (statutes of repose)[2] require that Louisiana's own law of prescription, under which the Marchesanis's claims are timely filed, should apply in this instance. Without mentioning these conflicts articles, the district court granted Milnor's motion for summary judgment, reasoning that (1) Tennessee's substantive law applies to the merits of the Marchesanis's claim, (2) Tennessee's products liability statute of repose is substantive, ergo (3) the Marchesanis's action is time-barred.[3]
 
 
 5
 On appeal, the Marchesanis argue that (1) the substantive law of Louisiana, not Tennessee, should govern this action and (2) even if Tennessee's substantive law does apply to their claims, article 3549 of the Civil Code, which delineates the conflicts analysis for issues of prescription and peremption, should be applied in pari materia with articles 3542[4] and 3515,[5] which outline the conflicts analysis for tort claims, to determine whether Tennessee's statute of repose bars their claims. The Marchesanis emphasize that Article 3549 "reaffirm[s]. . . the basic rule of the lex fori [law of the forum] for actions that have been filed timely under Louisiana prescription or peremption law" and should be applied so as to "promote whatever substantive policies [Louisiana] has in not providing for a shorter prescriptive period[.]"[6] Thus, insist the Marchesanis, only when "it is amply demonstrated that neither set of policies is actually implicated . . . and that the opposing substantive policies of another state, that of the lex causae [law of the situs], are implicated more intimately"[7] are the Louisiana policies embodied in prescription and peremption not entitled to preference in a Louisiana court.
 
 
 6
 In contrast, Milnor contends that article 3549 is not pertinent because Tennessee's statute of repose is not procedural but substantive,[8] and is an essential and inseparable part of Tennessee's products liability law. In the alternative, Milnor points out that article 3549 also provides that, even though an action that would be time-barred under the law of another state could proceed in a Louisiana court and not be time-barred by Louisiana's law of prescription and peremption, the claim should nevertheless not go forward in Louisiana if "the maintenance of the action in [Louisiana] is not warranted by the policies of [Louisiana] and its relationship to the parties or the dispute nor by any compelling considerations of remedial justice."[9] Accordingly, contends Milnor, even if a straightforward application of Article 3549 would otherwise permit the Marchesanis's claims to advance under Louisiana's law of prescription and peremption, this action should nevertheless not go forward in Louisiana because maintenance in this state is not warranted by either Louisiana's policies or any compelling considerations of remedial justice.
 
 
 7
 The parties' contentions raise important issues of Louisiana law and policy that arise under Louisiana's unique statutory conflict-of-laws regime and that have not been squarely addressed by Louisiana courts. Therefore, they are most properly addressed to the Supreme Court of Louisiana and the Honorable Justices thereof.
 
 III. QUESTIONS CERTIFIED
 
 8
 1. Does the substantive law of Louisiana or Tennessee govern this action?2. If Tennessee's substantive law governs, does Tennessee's statute of repose bar this action or does Louisiana Civil Code Article 3549, coupled with Louisiana policy considerations, require maintaining this action in Louisiana?
 
 IV. REPRESENTATIONS
 
 9
 We disclaim any intention or desire that the Supreme Court of Louisiana confine its reply to the precise form or scope of the questions certified. The answer provided by the Supreme Court of Louisiana will determine the sole issue of this appeal: May the Marchesanis's action go forward in Louisiana or is it time-barred by Tennessee's statute of repose?
 
 
 
 NOTES
 
 
 [1]
 Tenn. Code Ann. § 29-28-103 ("Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within . . . ten (10) years from the date on which the product was first purchased for use or consumption[.]").
 
 
 [2]
 La. Civ. Code Ann. art. 5349 provides:
 When the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies, except . . . [i]f the action is not barred under the law of this state, the action shall be maintained unless [1] it would be barred in the state whose law is applicable to the merits and [2] maintenance of the action in this state is not warranted by [a] the policies of this state and its relationship to the parties or the dispute nor by [b] any compelling considerations of remedial justice.
 
 
 [3]
 As an initial matter, we note our disagreement with the district court's determination that our decision in Allison v. ITE Imperial Corp., 928 F.2d 137 (5th Cir. 1991), controls this case. Allison was decided under Mississippi's significantly different conflict-of-laws rules which provide that when, as here, the pertinent contacts do not favor a particular state, the law of the state where the injury occurred should control, unless other considerations point to a "more significant relationship" with another state. See id. at 143 (internal punctuation omitted) (emphasis added). As Louisiana's conflicts articles do not follow this approach, Allison is inapposite to the conflicts analysis in the instant case and will not dictate the result.
 
 
 [4]
 La. Civ. Code Ann. art. 3542 provides,
 an issue of delictual or quasi- delictual obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue. That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered; and (2) the policies referred to in Article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts.
 
 
 [5]
 La. Civ. Code Ann. art. 3515 provides,
 [e]xcept as otherwise provided in this Book, an issue in a case having contact
 with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue. That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.
 
 
 [6]
 La. Civ. Code Ann. art. 3549, Revision Comment (g).
 
 
 [7]
 Id.
 
 
 [8]
 The Marchesanis correctly observe, however, that Louisiana's conflict-of-laws articles do not distinguish between "substantive" and "procedural" periods of limitation; instead, Louisiana treats peremption as a "species of prescription" for purposes of conflicts analysis. See La. Civ. Code. Ann. art. 3549, Revision Comment (a).
 
 
 [9]
 See La. Civ. Code Ann. art. 3549.